10-3740-ag
Sano v. Holder

BIA
A072 435 656

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of July, two thousand twelve.

PRESENT:
>      DENNIS JACOBS,
>           *Chief Judge,*
>      RAYMOND J. LOHIER, JR.,
>      SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

ABRAHAM SORY SANO,
>      *Petitioner,*

>      v.                                   10-3740-ag
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Michelle Gorden Latour,
                         Assistant Director; Cindy S.
                         Ferrier, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         Civil Division, United States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Abraham Sory Sano, a native and citizen of Guinea, seeks review of an August 16, 2010 order of the BIA denying his motion to reopen his removal proceedings. *In re Abraham Sory Sano*, No. A072 435 656 (B.I.A. Aug. 16, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA's denial of Sano's motion to reopen as untimely was not an abuse of discretion. *See Kaur*, 413 F.3d at 233. An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Sano's 2010 motion was untimely, as the agency's final administrative decision was issued in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

2

However, in some instances, an alien may seek to toll the time period for filing a motion to reopen by demonstrating ineffective assistance of counsel. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). To prevail on a claim of ineffective assistance, an applicant must demonstrate that "competent counsel would have acted otherwise," *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir. 1993), and that he was prejudiced as a result of his counsel's poor performance, *see Rabiu*, 41 F.3d at 882.

To establish prejudice, Sano "must make a prima facie showing that he would have been eligible for the relief [sought] and that he could have made a strong showing in support of his application." *See Rabiu*, 41 F.3d at 882. Sano has not shown that he was prejudiced by his former attorneys' failure to file a brief in his appeal to the BIA. *See Matter of Lozada,* 19 I. & N. Dec. 638, 640 (BIA 1988) (concluding that applicant failed to show that prejudice resulted from his prior counsel's failure to file an appellate brief).

As the BIA properly noted, nowhere in the motion to reopen does Sano address, or even acknowledge, the IJ's dispositive findings pretermitting his asylum application as

3

untimely and that he was not credible. Accordingly, Sano failed to demonstrate that the filing deadline for his motion to reopen based on ineffective assistance of counsel should be equitably tolled, and the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See Kaur*, 413 F.3d at 233; *Rabiu,* 41 F.3d at 882-83.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4